WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

MEMO ENDORSED

**Eliza M. Scheibel**
914.872.7303 (direct)
Eliza.Scheibel@wilsonelser.com

July 15, 2026

**<u>Via ECF</u>**
Honorable Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

By no later than **<u>July 21, 2026</u>**, Plaintiff is directed to respond to this letter.

SO ORDERED.
Hon. Victoria Reznik, U.S.M.J.
Dated: 7/16/2026

Re: *Horowitz v. Town of Clarkstown*
Case No.: 26 cv 00504

---

Dear Judge Reznik:

We represent Defendants Town of Clarkstown, the Town Council, and the Zoning Board of Appeals (the "ZBA") (collectively, "Defendants") in this action brought by Plaintiff Rabbi Naftali Horowitz pursuant to RLUIPA (42 U.S.C. § 2000cc) and 42 U.S.C. § 1983, *inter alia*. Plaintiff asserted seven causes of action following a December 2025 ZBA decision regarding his application for area and parking variances. Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff's claims are not ripe, that Plaintiff lacks standing, and that the complaint fails to state a plausible claim on any count. The motion was fully briefed and pending before the Court as of June 11, 2026.

In the parties' joint status letter on May 22, 2026, Defendants requested that the initial pretrial conference and discovery in this matter be stayed pending determination of their motion to dismiss. Doc 31. Plaintiff requested that the conference proceed. *Id*. This Court responded, on June 1, 2026, that "Defendants' informal request to stay discovery is denied without prejudice to renewal after further discussion with the Court. The Court will separately issue an order scheduling an initial Case Management Conference. Before that conference, the parties must meet and confer and submit a proposed Case Management Plan." Doc. 33. The Court then scheduled a conference for July 22, 2026, which was rescheduled at Plaintiff's request to August 6, 2026. Docs. 35-37.

Defendants respectfully submit this letter-motion to formally move to stay this case pending determination of their motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), including a stay of the submission of a Case Management Order, the initial pretrial conference, and all discovery. As set forth below, Defendants' motion puts forward substantial arguments for dismissal of the entire action; discovery sought by Plaintiff is likely to be broad, may lead to disputes and would be entirely obviated by dismissal; and there is no prejudice to Plaintiff from a

short delay while awaiting determination on the motion to dismiss. Thus, Defendants have established good cause for a stay.

Defendants conferred with Plaintiff regarding their request for a stay and Plaintiff objects to any stay of discovery or the initial pre-trial conference.

**THERE IS GOOD CAUSE TO STAY DISCOVERY**

While a motion to dismiss does not automatically stay discovery, "under Federal Rule of Civil Procedure 26(c), a court has 'considerable discretion' to stay discovery for good cause." *Druckman v. Morgenstern*, 2026 U.S. Dist. LEXIS 61239, *3 (S.D.N.Y. Mar. 20, 2026). When a party seeks a stay pending a decision on a dispositive motion, courts evaluate "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, 2008 U.S. Dist. LEXIS 133066, *7 (S.D.N.Y. June 12, 2008). Factors relevant to whether good cause has been shown include: "(1) whether a defendant has made a strong showing that the plaintiffs claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Druckman*, 2026 U.S. Dist. LEXIS 61239, at *3.

**1. Defendants Have Made a Strong Showing that Plaintiff's Claims Are Unmeritorious**

Under the "limited and preliminary" assessment of Defendants' motion to dismiss applicable when evaluating a stay, Defendants have made a sufficient initial showing that Plaintiff's claims are at substantial risk of dismissal, and that even if some claims were to survive the motion, partial dismissal could significantly reduce the scope of discovery. *Druckman*, 2026 U.S. Dist. LEXIS 61239, *3-5 (stay of discovery favored even if some claims survived motion).

Plaintiff's complaint asserts claims around two separate issues: (1) the Town's adoption of Local Law 5 of 2016 regarding all non-residential uses of property in single-family residential districts; and (2) the ZBA's December 2025 Decision regarding Plaintiff's variance application, which did not seek a variance from Local Law 5. Defendants' motion challenges the entire complaint. *See* Doc. 22 (Defs. Mem. of Law). Defendants' jurisdictional arguments—*e.g.*, that Plaintiff's claims are not ripe because no final decision has been rendered regarding application of the zoning laws to the property and Plaintiff indicated to the ZBA that a smaller variance would be adequate and was invited to submit a modified application but did not do so—would preclude proceeding as to the entire case if successful, regardless of the merits. *See* Doc. 22 at Pt. I; Doc. 39 (Def. Reply Memo.) at Pt. I. A stay pending determination of the court's power to hear the case at all is appropriate. *See Renois v. WVMF Funding, LLC*, 2021 U.S. Dist. LEXIS 83397, *3 (Apr. 30, 2021) (where defendant raises "colorable" Rule 12(b)(1) "threshold challenges to the Court's subject matter jurisdiction and Plaintiff's standing" first factor weighed in favor of a stay of discovery pending outcome of motion); *Dunning v. Supergoop, LLC*, 2024 U.S. Dist. LEXIS 93748 (S.D.N.Y. May 22, 2024) (defendants' non-frivolous jurisdictional arguments weigh in favor of stay pending determination of motion to dismiss).

Additionally, the motion argues that Plaintiff fails to state a claim across all causes of action alleged. As in *Renois*, Defendants present "colorable" arguments for dismissal, which would substantially affect the scope of permissible discovery here (*e.g.*, dismissal of Plaintiff's challenge

to Local Law 5 would result in dismissal of the Town Council defendants who were not involved in consideration of Plaintiff's variance application).

**2. Discovery Is Likely to Be Burdensome**

The parties have not yet exchanged initial disclosures or discovery requests in this matter. However, discovery in RLUIPA and land use cases involving municipal defendants is often extensive, requiring production of voluminous zoning records, depositions of municipal officials, and expert discovery. Indeed, based on Plaintiff's recitation of dozens of allegations from a prior lawsuit against the Town in 2020, it appears that Plaintiff may attempt to seek extensive discovery not only concerning his own zoning application and the adoption of Local Law 5 of 2016, but also discovery regarding wholly unrelated matters that may lead to discovery disputes. *See* Doc. 1 (Compl.) at ¶¶174-186 (allegations related to *Ateres* lawsuit).

Proceeding with a case management order, conference, and discovery while jurisdictional and threshold pleading defenses remain unresolved would impose significant costs on the municipal defendants, and consume judicial resources, that may ultimately prove unnecessary. Accordingly, the second factor also weighs in favor of a stay.

**3. Plaintiff Will Not Be Unfairly Prejudiced By A Stay of Discovery**

A stay will not cause undue prejudice. This case was filed on January 20, 2026, and is in its early stages. Plaintiff continues to use his home for religious gatherings as he has since 2021 and makes no allegation that the Town has attempted to preclude this practice. A temporary stay pending resolution of the motion to dismiss merely preserves the status quo, avoids the parties incurring unnecessary discovery costs on claims that may never proceed, and minimizes any unnecessary burden on the court. *See generally Green v. Orange Cty.*, 2026 U.S. Dist. LEXIS 134357, at *5 (S.D.N.Y. June 16, 2026) (granting stay because "[t]he issuance of the stay will help minimize unwarranted litigation time and expense, and the outcome of the pending motion to dismiss may significantly narrow the issues in this case" involving RLUIPA claims); *Armstrong v. Hempstead Union Free Sch. Dist.*, 2025 U.S. Dist. LEXIS 233962, *15 (E.D.N.Y. Dec. 1, 2025) ("Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and 'neither unnecessarily delay the action nor prejudice the plaintiffs thereby"); *Maddix v. City of New York*, 2025 U.S. Dist. LEXIS 102350, *10 (E.D.N.Y. May 29, 2025) (granting stay where case was in early stages, without a discovery schedule, and weak support of prejudice factor for plaintiff did not overcome other factors favoring stay pending motion to dismiss).

Accordingly, for the reasons stated above, there is good cause under Rule 26(c)(1) to stay this matter pending a determination of Defendants' motion to dismiss, which could negate the need for any discovery or further proceedings.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Eliza M. Scheibel

Eliza M. Scheibel