# SAVAD | CHURGIN
## ATTORNEYS AT LAW

**Paul Savad (1941-2020)**
**Joseph A. Churgin**

**Of Counsel**
**Susan Cooper**
**Donna Sobel**

**55 OLD TURNPIKE ROAD – SUITE 209**
**(Rt. 59 & THRUWAY EXIT 14)**
**NANUET, NEW YORK 10954**

**(845) 624-3820**
**Fax: (845) 624-3821**

July 21, 2026

Hon. Victoria Reznik, United States Magistrate Judge
U.S. District Court Southern District of New York
300 Quarropas Street
White Plains, NY 10601

RE:   *Rabbi Naftali Horowitz v. Town of Clarkstown, N.Y. et al.*
       Case No.: 7:26-cv-00504-JGLC

Your Honor:

We represent the Plaintiff Rabbi Naftali Horowitz ("Rabbi Horowitz") in the above-referenced action.  We submit this letter pursuant to your Order of July 16, 2026, and in response to Defendants' letter to the Court of July 16, 2026 (Doc. No. 41).

Discovery should not be stayed in this case.  Rabbi Horowitz is an Orthodox Jewish Rabbi who uses a portion of his residence for Jewish prayer. He regularly leads prayer services for members of the community in his home. The current size and layout of his home prevent him and others from the community from fully engaging in his religious exercise.  This lawsuit is a challenge to both (a) Defendants' denial of Rabbi Horowitz's variance application that would have permitted Rabbi Horowitz to fully engage in his religious exercise; and (b) a challenge to Defendants' zoning code requirement which requires that places of worship in residential districts may only be located on State and County roads, which are only a small fraction of the total number of roads within the Town.

"Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."  Rather, a party would have to show good cause for a stay of discovery.  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotations and citations omitted) (stay of discovery denied because party seeking stay did not meet its burden to show good cause why a protective order should be granted).  The primary basis for Defendants' motion is that the motion to dismiss is pending.  That is not good cause.  Rather, "[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that

would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.,* 316 F. Supp. 3d at 677 (internal quotations and citations omitted). None of those relevant factors support such a stay.

First, no discovery demands have even been served yet, so Defendants cannot suggest that such non-existent discovery is "broad." Their claims that such demands will be "burdensome" is wholly speculative, and they cannot obtain a stay based on what Plaintiff "may attempt to seek . . . ." Further, the burden to Defendants from responding to Plaintiff's discovery demands—when they do occur--will be minimal because, as municipal bodies, Defendants are already required to maintain and provide their records.

Second, Defendants claim that there would be no harm to Rabbi Horowitz if discovery is stayed. Nothing could be further from the truth. Rabbi Horowitz filed this lawsuit six months ago. During that entire time-period, Rabbi Horowitz's religious exercise along with those of the community continues to be burdened because he cannot fully engage in his religious exercise. If discovery were stayed, it would significantly delay Rabbi Horowitz's opportunity to fully engage on his religious exercise. Rabbi Horowitz would be severely prejudiced if discovery is stayed, and irreparable harm to his constitutional rights will continue. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976); *Tunick v. Sajir,* 209 F.3d 67, 70 (2d Cir. 2000) ("violations of First Amendment rights are presumed irreparable"); *S. Lyme Prop. Owners Ass'n, Inc. v. Town of Old Lyme,* 121 F. Supp. 2d 195, 204 (D. Conn. 2000) ("the Second Circuit expanded on this general proposition, recognizing a 'presumption of irreparable injury that flows from a violation of constitutional rights.'" (quoting *Jolly v. Coughlin,* 76 F.3d 468, 482 (2d Cir. 1996))). This is true for the Free Exercise Clauses of the First Amendment. *See Agudath Isr. of Am. v. Cuomo,* 983 F.3d 620, 636 (2d Cir. 2020) ("Religious adherents are not required to establish irreparable harm independent of showing a Free Exercise Clause violation because a presumption of irreparable injury flows from a violation of constitutional rights." (internal quotation omitted). Because "RLUIPA protects a similar set of interests as does the Free Exercise Clause," the same presumption of irreparable harm applies to violations of RLUIPA. *See Tripathy v. Lockwood*, No. 22-949-PR, 2022 WL 17751273, at *2 (2d Cir. Dec. 19, 2022) (summary order).

By contrast, there would be no significant prejudice to Defendants if discovery moves forward. Defendants are municipal bodies who are required by state law to maintain their records and documents and are required to provide such documents to the public when requested. This is the same thing that Defendants will be required to do in responding to discovery demands in this action. It is certainly not prejudicial to require Defendants to provide discovery

in this manner.  Additionally, the Defendants suggest that the "status quo" should be preserved, but they have no legitimate interest in "the enforcement of an unconstitutional law."  *New York Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013) (quoting *Am. Civil Liberties Union v. Ashcroft*, 322 F.3d 240, 247 (3d Cir. 2003)). Rather, as the Second Circuit has recognized, "securing First Amendment rights is in the public interest."  *N.Y. Progress & Prot. PAC*, 733 F.3d at 488.

Finally, Defendants are not likely to succeed on their motion to dismiss.  First, Defendants ignore the fact that Plaintiff's facial challenge to Local Law No. 5 of 2016 is immediately ripe.  "Such facial challenges to regulation[s] are generally ripe the moment the challenged regulation or ordinance is passed, . . . ." *Suitum v. Tahoe Reg'l Plan. Agency,* 520 U.S. 725, 736 n.10 (1997); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 945 F.3d 83, 110 (2d Cir. 2019).

Second, Defendants' primary argument that Rabbi Horowitz did not receive a final decision denying his variance is belied by the facts.  The ZBA issued a 21-page final decision denying the application.  The ZBA decision stated "[t]he Clarkstown Board of Appeals does hereby DENY the application of NAFTALI HOROWITZ for a variation from the requirements of Article Ill, Section 290-11 B, Attachment 31, Table 12 (General Bulk Regulations), Group J, Column 4 (Max Floor Area Ratio), Column 8 (Required Side Yard), and Column 12 (Max Lot Coverage), of the Clarkstown Zoning Code for the construction of an addition to a single family dwelling."  ECF No. 21-3 at 23.

The ZBA also adopted a resolution stating that the application for variances is "DENIED."  ECF No. 21-3 at 23.  Defendants have provided the Court with no authority suggesting that an applicant must submit successive applications for variances to provide the Board of Appeals with repeated opportunities to grant or deny before its original final denial is "ripe" for review.  *See Bikur Cholim, Inc. v. Vill. of Suffern*, 664 F. Supp. 2d 267 (S.D.N.Y. 2009) ("It is the denial of the application that serves as the basis for jurisdiction before the Court.").

Rabbi Horowitz therefore requests that Defendants' motion for a stay of discovery be denied and this case move forward with discovery, beginning with the status conference scheduled for August 6, 2026.

Respectfully submitted,

*Joseph Churgin*

JOSEPH A. CHURGIN
JAC/mc
cc:    Eliza M. Scheibel, Esq.  via ECF

Rabbi Naftali Horowitz